**THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARY ANNE CAPRIO**, on behalf of herself and all others similarly situated,<br><br>        **Plaintiffs**,<br><br>    **v.**<br><br>**APEX ASSET MANAGEMENT, LLC, and John Does 1 through 25,**<br><br>        **Defendants**. | **Civil Action No.**<br><br>**1:13-cv-05238-NLH-KMW**<br><br>**ANSWER TO PLAINTIFF, MARY ANNE CAPRIO'S CLASS ACTION COMPLAINT BY DEFENDANT, APEX ASSET MANAGEMENT, LLC** |

AND NOW, comes Defendant, Apex Asset Management, LLC ("Apex"), by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., who respectfully submits this Answer with Affirmative Defenses to the Class Action Complaint of Plaintiff, Mary Anne Caprio, on behalf of herself and all others similarly situated ("Plaintiff"), averring as follows:

**<u>ANSWER TO PRELIMINARY STATEMENT</u>**

1.      Admitted in part and denied in part.  Apex admits Plaintiff brings this action for damages and declaratory and injunctive relief as a result of perceived violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692a, et seq. ("FDCPA").  Apex denies any mischaracterization of this statute and denies any violation the FDCPA.  Apex also denies that it is liable to Plaintiff or that Plaintiff is entitled to any relief or damages.  Finally, Apex denies that injunctive or declaratory relief is available for violations of the FDCPA, even in the class context as a matter of well-settled law in the Third Circuit.

1

## ANSWER TO JURISDICTION AND VENUE

2.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

3.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

## ANSWER TO DEFINITIONS

4.     Denied.  The definitions for the terms set forth in this paragraph are defined in 15 U.S.C. § 1692a.

## ANSWER TO PARTIES

5.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court. By way of further response, Apex denies any characterization of the FDCPA that is inconsistent with the statute and denies that Plaintiff is entitled to injunctive or equitable relief as such relief is not available under the FDCPA, even in the context of a class action.  See Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).

6.     Admitted in part and denied in part.  Apex admits, on information and belief, that Plaintiff, a natural person, resides in the State of New Jersey, County of Gloucester.  The remaining allegations constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

7.     Admitted in part and denies in part.  Apex admits that it is a foreign, limited liability company that maintains an office at the address set out

in this paragraph.  Unless otherwise admitted, Apex denies the allegations in this paragraph.

8.     Admitted in part and denied in part.  Apex admits that it is a limited liability company that uses the mail and the telephone and that it engages, at times, in the business of collecting debts due to another.  Apex denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

9.     Admitted in part and denied in part.  Apex admits that, at times, it attempts to recover debt obligations owed to another.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

## ANSWER TO CLASS ACTION ALLEGATIONS

10.     Admitted in part and denied in part.  Apex admits that Plaintiff has asserted this action as a class action on behalf of herself and those persons to whom she claims Apex sent collection letters within the State of New Jersey. Apex denies that Plaintiff has asserted a viable individual claim, let alone a viable class claim.  Apex further denies that class treatment is appropriate and denies any violation of the FDCPA.

11.     Denied.  Apex denies that the instant action is properly maintained as a statewide class action or that class treatment is appropriate.  Responding further to Plaintiff's subparagraphs:

- Admitted in part and denied in part.  Apex admits that Plaintiff attempts to represent a class of persons, which includes all

persons to whom Apex sent collection letters seeking to recover amounts owed to Virtua Express/Virtua Immediate Care ("Virtua").  Apex denies that the instant action is appropriate for class treatment and denies any violation of the FDCPA.

- Admitted in part and denied in part.  Apex admits that Plaintiff alleges that the class period begins one year to the filing of this Action.  Apex denies that instant action is appropriate for class treatment.

12.   Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court. By way of further response, Apex denies that Plaintiff can satisfy all the requirements of Rule 23 of Fed. R. Civ. P. for maintaining a class action.  Strict proof of these allegations and the subparagraphs that follow is demanded. Apex responds to Plaintiff's subparagraphs as follows:

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that the class, to the extent that one even exists, is so numerous that joinder is impracticable.   Apex also denies that the letter attached to Plaintiff's Complaint as Exhibit "A", or any other collection letter issued by Apex, violates the FDCPA, and therefore, Apex denies that Plaintiff can maintain an individual claim, let alone a class claim.

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that there are common questions of law and fact that predominate over questions affecting individual members of the putative class.  Apex responds to the subparagraphs as follows:

   a. Denied.  Apex denies violating the FDCPA in any regard.  Apex holds Plaintiff to her strictest burden of proof for these conclusory allegations.

   b. Denied.  Apex denies that any of its acts or omissions caused Plaintiff or any potential member of the putative class any injuries or damages.

   c. Denied.  Apex denies that any of its acts or omissions caused Plaintiff or any potential member of the class any injuries or damages or give rise to restitution and denies that they are entitled to any recovery or damages.

   d. Denied.  Apex denies that Plaintiff or any potential member of the class is entitled to declaratory and/or injunctive relief.  Apex further denies that equitable relief is a remedy available under the FDCPA.  See Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004).

5

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that Plaintiff's claims are typical to a class and denies that they give rise to an individual FDCPA claim, let alone a class action claim.

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex is without sufficient knowledge, information, or belief to speak to the truth or falsity as to whether Plaintiff's interests are adverse or antagonistic to the interests of the other members of the alleged class, and therefore Apex denies these allegations and leaves Plaintiff to her proofs.

- Denied.  The allegations in the subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that Plaintiff is an adequate class representative.  Strict proof of this allegation is demanded of Plaintiff.  Furthermore, Apex is without sufficient information, knowledge or belief to speak to the truth or falsity of the assertion that Plaintiff's counsel is experienced in class matters.  Therefore, Apex denies this assertion and leaves Plaintiff to her proofs.

6

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that a class action is superior to other methods for adjudication of Plaintiff's claims.  Apex also denies that no unusual difficulties are likely to be encountered in the management of this class action.

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court. By way of further response, Apex denies that class treatment is a superior method of adjudication than individual treatment.  Apex also denies that it has received any ill-gotten gains as it did not violate the FDCPA.  Strict proof of these allegations is demanded of Plaintiff.

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that a class action will result in avoiding duplication of effort and expense, or that there are so many other class members that could not otherwise afford to seek legal redress, as Plaintiff has failed to assert any viable claims under the FDCPA.  Apex further denies that Plaintiff or any member of the alleged putative class has or will suffer any losses of statutory protected

rights or monetary damages.   Apex demands strict proof for these conclusory allegations.

- Denied.  The allegations in this subpart constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.  By way of further response, Apex denies that it acted on grounds generally applicable to an entire class thereby making appropriate final injunctive relief or corresponding declaratory relief.  Strict proof of these allegations is demanded of Plaintiff.

## ANSWER TO STATEMENT OF FACTS

13.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

14.    Admitted.  Apex admits that Plaintiff incurred a debt with Virtua in the amount of $36.25.

15.    Admitted in part and denied in part.   Apex admits that a medical bill is generally a personal transaction.   Unless otherwise admitted, Apex denies the allegations in this paragraph.

16.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

17.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Apex refers all questions of law to the Court.

18.    Denied. The document attached to Plaintiff's Complaint as Exhibit "B", being in writing, speaks for itself.  By way of further response, when Apex

commenced collection activity, it was informed by the original creditor that Plaintiff's debt to Virtua was due and owing.

19.    Denied.   Upon information provided by Virtua, at the time it retained Apex to commence collection activity on Plaintiff's account, Plaintiff's payment had not posted.  Therefore, when Apex began its collection efforts, it had no knowledge, whatsoever, that Plaintiff had satisfied her debt.  It was not until after Plaintiff filed her lawsuit that Apex was advised of her payment.

20.    Admitted in part and denied in part.  Apex admits that it, at times, collects debts owed to another using the United States Postal Service and telephone.  Apex denies the remaining allegations and leaves Plaintiff to her proofs.

21.    Admitted in part and denied in part.  Apex admits that it was hired by Virtua to recover on Plaintiff's outstanding debt obligation.   Unless otherwise admitted, Apex denies the allegations in this paragraph.

22.    Denied.  The allegations in this paragraph are directed to a party other than Apex.  Therefore, Apex lacks sufficient information, knowledge or belief to speak to the truth or falsity of these assertions and leaves Plaintiff to her proofs.

23.    Denied.  Apex denies these allegations and leaves Plaintiff to her proofs.  Strict proof of this allegation is demanded of Plaintiff.

24.    Admitted in part and denied in part.  Apex admits that it mailed a letter to Plaintiff, dated August 20, 2013, in the course of Apex's efforts to recover a debt owed by Plaintiff to Virtua.  Apex admits that Plaintiff has

attached a copy of the August 20, 2013 Apex letter to her Complaint as Exhibit "B".

26. Admitted in part and denied in part. Apex admits that it mailed a letter to Plaintiff, dated August 20, 2013 in an attempt to recover a debt owed to Virtua. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Apex refers all questions of law to the Court.

26. Admitted in part and denied in part. Apex admits that it mailed a letter to Plaintiff, dated August 20, 2013 in an attempt to recover a debt owed to Virtua. The remaining allegations constitute conclusions of law and are denied as such. Apex refers all questions of law to the Court.

27. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Apex refers all questions of law to the Court.

28. Denied. Apex lacks sufficient information, knowledge or belief to speak to the truth or falsity of the assertion that Plaintiff read the August 20, 2013 letter. Therefore, Apex denies these allegations and leaves Plaintiff to her proofs.

29. Denied. Apex denies the piecemeal quoting of the Apex August 20, 2013 letter to Plaintiff. The August 20, 2013 letter is a writing and its content speaks for itself. Apex denies Plaintiff's efforts to characterize the content of the letter in this paragraph.

30. Admitted. Apex admits that in order to get validation of one's debt under Section 1692g of the FDCPA, the request for validation must be timely

10

and in writing, per the Third Circuit. Unless otherwise admitted, Apex denies the allegations in this paragraph.

31.    Denied.  Apex denies violating the FDCPA.  Apex denies engaging in any conduct that could reasonably or rationally be construed as harassing or abusing Plaintiff in violation of any section of the FDCPA, including 15 U.S.C. § 1692d.  By way of further response, when Apex commenced collection activity, it was informed by the original creditor that the debt was due and owing.

32.    Denied.  Apex denies that it falsely represented the character, amount or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), because when Apex commenced collection activity, it was informed by the original creditor that the debt was due and owing.  To the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such.  Apex refers all questions of law to the Court.

33.    Denied.  Apex denies that it used false, deceptive or misleading representations or means or threatened to take an action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).  To the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such.  Apex refers all questions of law to the Court.

34.    Denied.  Apex denies using false representations or deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).  To the extent that the allegations in this paragraph constitute

conclusions of law, they are denied as such.  Apex refers all questions of law to the Court.

35.    Denied.  Apex denies using unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.  To the extent that the allegations in this paragraph constitute conclusions of law, they are denied as such.  Apex refers all questions of law to the Court.

**ANSWER TO POLICIES AND PRACTICES COMPLAINED OF**

36.    Admitted in part and denied in part.  Apex admits that it sent Plaintiff initial correspondence in an attempt to collect a debt on behalf of Virtua.  Apex denies that it violated the FDPCA in sending Plaintiff the initial collection letter because the letter effectively conveyed the required 1692g(a) notices to Plaintiff.  Further, Apex is entitled to rely upon the information provided by Virtua in the course of its efforts to recover on Plaintiff's outstanding debt obligation without incurring liability under the FDCPA in the event that Virtua erred as to the status of the debt obligation.  To the extent that the allegations in this paragraph or its subparts constitute conclusions of law, they are denied as such.  Apex refers all questions of law to the Court. Apex responds to the subparts as follows:

  a) Denied.  Apex denies that the language in its initial collection letter misrepresents the proper way to dispute the debt to the least sophisticated consumer. By way of further response, Apex's initial collection letter effectively and unambiguously

conveys the language required pursuant to 15 U.S.C. § 1692g(a).

b)   Denied.   Apex denies that it engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of Plaintiff's debt obligation owed to Virtua.   A factual basis for these conclusory allegations is demanded of Plaintiff.

c)   Denied.   Apex denies falsely representing the character, amount or legal status of the debt.   A factual basis for these conclusory allegations is demanded of Plaintiff.

d)   Denied.   Apex denies threatening to take any legal action that could not legally be taken or that was not intended to be taken.   A factual basis for these conclusory allegations is demanded of Plaintiff.

e)   Denied.   Apex denies using false representations or deceptive means to collect or attempt to collect the debt.   A factual basis for these conclusory allegations is demanded of Plaintiff.

37.   Denied.   Apex denies the allegations in this paragraph and leaves Plaintiff to her proofs.

**ANSWER TO COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**ALLEGED VIOLATION OF 15 U.S.C. § 1692g(a)(5)**

38.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.   To the extent that a response is

deemed necessary, Apex incorporates its responses to paragraphs 1 through 37 as though fully set forth herein at length.

39.    Admitted in part and denied in part.   Apex admits that collection letters are to be evaluated by the objective standard of the least sophisticated consumer, who possesses the ability to reasonably read a collection letter in its entirety, with due care.  Unless otherwise admitted, Apex denies the allegations in this paragraph.

40.    Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692g, but Apex denies any characterization of § 1692g that is inconsistent with the statute, and Apex denies any violation thereof.

41.    Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692g(a)(3), (4), and (5), but Apex denies any characterization of § 1692g(a)(3), (4), and (5) that is inconsistent with the statute, and Apex denies any violation thereof.

42.    Admitted.   Apex admits that it effectively and unambiguously provided the required disclosures under § 1692g(a) in its August 20, 2013 letter to Plaintiff.

43.     Admitted in part and denied in part.  Apex admits that, in addition to the clarifying language that effectively and unambiguously provided the required disclosures under § 1692g(a), the August 20, 2013 letter to Plaintiff contained the referenced language.  Unless otherwise admitted, Apex denies the allegations in this paragraph.

14

44.    Denied.  Apex denies that the language in its initial collection letter would confuse the least sophisticated consumer as to the proper manner in which to dispute the debt.   Strict proof is demanded of Plaintiff for these allegations.   To the extent that this paragraph contains conclusions of law, they are denied.  Apex refers all questions of law to the Court.

45.    Denied.  Apex denies that the language in its initial collection letter was ambiguous or capable of confusion as to the rights of a least sophisticated consumer, who is not willfully blind to the content of the letter when read in its entirety.   Strict proof is demanded of Plaintiff for these allegations.   To the extent that this paragraph contains conclusions of law, they are denied.  Apex refers all questions of law to the Court.

46.    Admitted.  Apex admits that in order to get validation of one's debt under Section 1692g of the FDCPA, the request for validation must be timely and in writing, per the Third Circuit. Unless otherwise admitted, Apex denies the allegations in this paragraph.

47.    Denied.  Apex denies violating the FDCPA as the August 20, 2013 letter effectively and unambiguously apprised Plaintiff of her rights to seek validation of her debt in writing.  Apex denies Plaintiff's mischaracterization of the debt as an alleged debt, as the debt was and remains due and owing.

48.    Denied.  Apex denies that it violated the FDCPA and denies violating § 1692g of the FDCPA.  Apex denies that it is liable to Plaintiff for any damages, including statutory damages, or any costs, including attorney's fees, in the absence of any violative conduct by Apex.

**ANSWER TO COUNT II**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**ALLEGED VIOLATION OF 15 U.S.C. § 1692e(10)**

49.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Apex incorporates its responses to paragraphs 1 through 48 as though fully set forth herein at length.

50.   Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692e(10), but Apex denies any characterization of § 1692e(10) that is inconsistent with the statute, and Apex denies any violation thereof.

51.   Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to assert a cause of action under § 1692e(10) of the FDCPA.  Apex denies any characterization by Plaintiff that is inconsistent with the statute and denies any violation thereof.   Apex demands strict proof for these conclusory allegations.

52.   Denied.  Apex denies that it violated § 1692e(10) of the FDCPA. Apex denies that it is liable to Plaintiff for any damages, including statutory damages, or any costs, including attorney's fees, in the absence of any violative conduct by Apex.  Apex further denies that Plaintiff can secure declaratory relief as a matter of well-settled law.

**ANSWER TO COUNT III**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**ALLEGED VIOLATION OF 15 U.S.C. § 1692d et seq.**

53.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Apex incorporates its responses to paragraphs 1 through 52 as though fully set forth herein at length.

54.    Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692d, but Apex denies any characterization of § 1692d that is inconsistent with the statute, and Apex denies any violation thereof.

55.    Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to assert a cause of action pursuant to § 1692d.  Apex denies any characterization by Plaintiff that is inconsistent with the statute and denies any violation thereof.   Apex demands strict proof for these conclusory allegations.

**ANSWER TO COUNT IV**
**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**
**ALLEGED VIOLATION OF 15 U.S.C. § 1692e et seq.**

56.    No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Apex incorporates its responses to paragraphs 1 through 55 as though fully set forth herein at length.

57.    Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692e(2)(A), but Apex denies any characterization of §

1692e(2)(A) that is inconsistent with the statute, and Apex denies any violation thereof.

58.   Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692e(5), but Apex denies any characterization of § 1692e(5) that is inconsistent with the statute, and Apex denies any violation thereof.

59.   Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692e(10), but Apex denies any characterization of § 1692e(10) that is inconsistent with the statute, and Apex denies any violation thereof.

60.   Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to assert a cause of action under §§ 1692e(2)(A), 1692e(5), and 1692e(10).  Apex denies any characterization of §§ 1692e(2)(A), 1692e(5), and 1692e(10) that is inconsistent with the statute, and Apex denies any violation thereof.

### ANSWER TO COUNT V
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### ALLEGED VIOLATION OF 15 U.S.C. § 1692f et seq.

61.   No response is required to this paragraph as Plaintiff is merely incorporating prior paragraphs by reference.  To the extent that a response is deemed necessary, Apex incorporates its responses to paragraphs 1 through 60 as though fully set forth herein at length.

62.     Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to restate § 1692f, but Apex denies any characterization of § 1692f that is inconsistent with the statute, and Apex denies any violation thereof.

63.     Admitted in part and denied in part.  Apex admits that Plaintiff has attempted to assert a cause of action under § 1692f.   Apex denies any characterization of § 1692f that is inconsistent with the statute, and Apex denies any violation thereof.

Apex further denies the allegations in Plaintiff's "WHEREFORE" clause. Specifically, Apex denies that Plaintiff's prayer for relief is appropriate, in the absence of any viable claims under the FDCPA.  Additionally, Apex denies that class treatment is superior to individual treatment in this case or that Plaintiff is entitled to any recovery in the absence of a viable claim. Apex also denies any violation of the FDCPA.   To the extent that the allegations in this paragraph consist of conclusions of law, these allegations are denied.   Apex refers all questions of law to the Court.

**ANSWER TO PLAINTIFF'S DEMAND FOR TRIAL BY JURY**

Admitted in part and denied in part.  Apex admits that Plaintiff seeks a jury trial regarding the claims advanced by her against Apex in the Complaint. Apex denies that Plaintiff is entitled to a trial by jury as to Apex in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against Apex upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead a viable individual claim under the FDCPA against Apex, her entitlement to statutory damages is capped at $1,000 per action, not per violation.  See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

### THIRD AFFIRMATIVE DEFENSE

Apex denies that Apex's letter at issue is deceptive, false or misleading. However, in the unlikely event that the Court entertains Plaintiff's position regarding the August 20, 2013 letter, to the extent that the statement could

20

have some other meaning, it cannot be said to be *material* violation of the FDCPA.  See Rogozinski v. NCO Fin. Sys., 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012).  Therefore, Plaintiff's claims cannot prevail as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not an adequate class representative.

### SIXTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not outweigh the individual issues and preclude class treatment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks numerosity sufficient to maintain a viable class claim and the numerosity of the defined class cannot be ascertained.

### EIGHTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Apex denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Apex.

### NINTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Apex denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Apex.

## TENTH AFFIRMATIVE DEFENSE

If Apex violated the FDCPA, which is denied, Plaintiff has incurred no actual damages as a result of these purported violations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to articulate a viable claim under 15 U.S.C. §1692f, as a matter of well-settled law.  Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 64 3, 667 (S.D.N.Y. 2006)); James Gula v. Midland Credit Management, Inc., Civil Action No. 3:10-cv-02241-TMB (M.D. PA February 1, 2012) (same); Hoover v. Midland Credit Management, Inc., 2012 U.S. Dist. LEXIS 46992, Civil Action No. 10-cv-06856 (E.D. Pa. March 30, 2012)(same); and Lorandeau v. Capital Collection Service, 2011 U.S. Dist. LEXIS 101994, Civil Action No. 10-3807 (E.D. PA September 8, 2011) )(same). Therefore, Plaintiff's wholly redundant claims in Count V of Plaintiff's Complaint should be dismissed or withdrawn.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot maintain a viable cause of action against Apex because its collection letter of August 20, 2013 does not violate the least sophisticated consumer standard or any other provision of the FDCPA.  The letter first provides Plaintiff with the information needed to contact Apex, namely Apex's telephone number and the account number attributable to Plaintiff's debt. Then, directly below it in the same size font, the letter sets forth the language required by 1692g of the FDCPA.  The letter presents no ambiguity as to the

proper method for the debtor to dispute the debt.   *See* <u>Ardino v. Lyons,</u> <u>Doughty & Veldhuis, P.C.</u>, 2011 U.S. Dist. LEXIS 143586, at *22-*23, *quoting* <u>Campuano-Burgos v. Midland Credit Mgmt., Inc.</u>, 550 F.3d 294, 299 (3d Cir. 2008) (stating, "While the least sophisticated debtor standard is a low standard designed to 'ease the lot of the naïve' and to protect all consumers, the standard nevertheless safeguards bill collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices' by preserving at least a modicum of reasonableness, as well as 'presuming a basic level of understanding and willingness to read with care [on the part of the recipient].'"); see also, <u>Wilson v. Mattleman</u>, 2013 U.S. Dist. LEXIS 82445 (D.N.J. June 12, 2013).  Because Apex's August 20, 2013 letter complies with the least sophisticated consumer standard, and the FDCPA in general, Counts I, II, and V should be dismissed with prejudice.

### THIRTEENTH AFFIRMATIVE DEFENSE

Even if Apex attempted to collect a debt that Plaintiff had previously satisfied, Plaintiff has failed to plead viable claims against Apex because Apex was entitled to rely upon the information furnished by the original creditor. The FDCPA does not require debt collectors to conduct independent investigation into the amount or validity of the underlying debt.  See <u>Slanina v.</u> <u>United Recovery Systems, LP</u>, 2011 U.S. Dist. LEXIS 121356 (M.D. PA Oct. 20, 2011)("Requiring debt collectors to investigate and verify a debt before collection would create an additional duty not found in the statute's plain language"); <u>Yentin v. Michaels, Louis & Assocs.</u>, 2011 U.S. Dist. LEXIS 104711

(E.D. Pa. Sept. 14, 2011) (same); <u>Clark v. Capital Credit & Collection Serv.</u>, 460 F.3d 1162, 11(7th Cir. 2006), *citing* <u>Bleich v. Revenue Maximization Group, Inc.</u>, 233 F. Supp. 2d 496, 500-01 (E.D.N.Y. 2002); <u>Jenkins v. Heintz</u>, 124 F.3d 824, 833-34 (7th Cir. 1997); <u>Smith v. Transworld Sys., Inc.</u>, 953 F.2d 1025, 1032 (6th Cir. 1992); <u>Shapiro v. Haenn</u>, 222 F. Supp. 2d 29, 44 (D. Me. 2002); <u>McStay v. I.C. Sys., Inc.</u>, 174 F. Supp. 2d 42 (S.D. N.Y. 2001); <u>Edwards v. McCormick</u>, 136 F. Supp. 2d 795, 804 (S.D. Ohio 2001); <u>Jenkins v. Union Corp.</u>, 999 F. Supp. 1120, 1140-41 (N.D. 1998).  To hold a collector to such a requirement, as is apparently suggested by Plaintiff, would undermine the express intent of the FDCPA and renders 15 U.S.C. §1692g superfluous.  As Plaintiff did not send Apex a written request for validation in accordance with Section 1692g(b) of the FDCPA, Plaintiff cannot argue the existence of a statutorily-rebutted duty to investigate the validity of a debt in the absence of such a written request.  Therefore, Counts III, IV, and V, even if effectively pleaded, should be withdrawn or stricken.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for declaratory and injunctive relief should be stricken and dismissed as such remedies are not available under the FDCPA for private causes of action.  See <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 342 (3d Cir. 2004).

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Pursuant to <u>Local Rule</u> 8.1, Apex demands that Plaintiff, within ten (10) days, furnish Apex with a statement of the amount of actual damages claimed

by her, with particularity, including all out-of-pocket expenses and any pecuniary loss and the methodology in calculating those damages.

## CERTIFICATION

PURSUANT TO R. 4:5-1, I hereby certify that the class action case of Wayne Caprio v. Apex Asset Management, LLC and John Does 1-25, currently pending in the United States District Court for the District of New Jersey, at docket number 1:13-cv-05069-NLH-KMW should be consolidated with this matter.  The aforementioned case is brought by Plaintiff, Mary Anne Caprio's husband, by her attorney, Joseph Jones, Esquire, against the same Defendant and involves the same operative facts and questions of law as the instant matter.  In the case brought by Wayne Caprio, he claims that Apex violated §§ 1692e, d, g(a)(5), and f by: 1) attempting to collect a debt he owed to Lourdes Cardiology Services that he allegedly previously paid; and 2) by including the same language in the initial collection letter with which Plaintiff finds fault in the instant lawsuit.  If these matters are not consolidated pursuant to Fed. R. Civ. P. 42(a), there is a great risk for inconsistent adjudications of common factual and legal issues between the two cases and it will result inconvenience and great expense to all parties in litigating two identical cases.  These factors outweigh any risk of prejudice to Plaintiff.  As such, the two cases should be consolidated.

**WHEREFORE**, Defendant, Apex Asset Management, LLC, respectfully requests this Honorable Court enter judgment in its favor dismissing Plaintiff's

Complaint and any and all other relief as the Court deems is just and equitable.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   *(s) Andrew M. Schwartz*
      ANDREW M. SCHWARTZ
      2000 Market Street, Suite 2300
      Philadelphia, PA 19103
      (215) 575-2765 / (215) 575-0856 (f)
      AMSchwartz@mdwcg.com
      Attorneys for Defendant
      Apex Asset Management, LLC

Dated:  October 21, 2013